# IN THE COURT OF APPEALS OF IOWA

––––––––––––––

No. 24-1985
Filed April 1, 2026

––––––––––––––

**State of Iowa,**
Plaintiff–Appellee,

v.

**Erik Eduardo Estrada,**
Defendant–Appellant.

––––––––––––––

Appeal from the Iowa District Court for Wright County,
The Honorable Colleen Weiland, Judge.

––––––––––––––

**AFFIRMED**

––––––––––––––

Benjamin D. Bergmann and Alexander Smith of Parrish Kruidenier L.L.P.,
Des Moines, attorneys for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

––––––––––––––

Considered without oral argument
by Greer, P.J., Schumacher, J., and Mullins, S.J.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Erik Estrada appeals his jury conviction for sexual abuse in the third degree, a class "C" felony in violation of Iowa Code sections 709.1 and 709.4(1)(a) (2023). On appeal, Estrada argues that his jury was tainted by juror bias and misconduct, and that he preserved a constitutional argument based on the right to an impartial jury. The State asserts that Estrada only preserved a claim of juror bias, and that there is no evidence of bias because the testimony only established that the juror and victim had mutual friends. Upon our review, we affirm.

## I. Background Facts and Proceedings.

Estrada's conviction stems from an incident that occurred in 2023. A group of people, including the victim and Estrada, went to a bar to socialize. At the end of the night, the victim asked Estrada to drive her to her sister's home or to Estrada's home where his girlfriend was present. Instead, Estrada drove the victim out of town to her home. Once there, he asked the victim if he could stay at her apartment because he was in a disagreement with his then-girlfriend, now-wife. She agreed, and they watched a movie in the living room until she fell asleep and woke up to him assaulting her.

The next morning, he drove her to where she left her car. That evening, she went to the hospital and had a sexual assault kit completed on her. Soon after, she reported the assault to law enforcement. Law enforcement collected evidence from her home, interviewed Estrada, and collected a DNA sample from him. The DNA of the semen in her home and on her person matched Estrada.

In March 2024, a jury trial was held and the State introduced Estrada's initial interview where he claimed that he was asleep. Law enforcement

testified that in a later interview, after presenting Estrada with the matching DNA evidence, "he stated that something obviously did happen, but he couldn't remember what." After trial, the jury found him guilty. Estrada was sentenced to an indeterminate sentence of up to ten years. He was also ordered to pay costs and related surcharges and to serve a special sentence of lifetime parole.

After the verdict, Estrada's wife came across a photograph of a group of people including a juror and the victim on social media. The photograph showed a group of people with their arms around each other, but with the juror and victim separated by two other people, that was captioned "fav slimes forever" with a heart emoji. Estrada filed a motion for new trial and attached the photograph.[1] Estrada claimed one of the jurors—during an unreported voir dire—failed to disclose that she knew the victim.

A hearing on the motion for new trial was held in September 2024. The parties made arguments, and the district court also considered post-trial depositions and the photograph admitted by Estrada. The juror testified in her deposition that she recalled being asked if she knew the county attorney, Estrada's attorney, Estrada, or "anybody else involved in the case" during the voir dire examination. No specific reference was made to the victim by name. But after that exchange, the juror was next asked if she knew the victim, to which she responded, "I do not." When asked how she and the victim ended up in the same photograph, she explained, "We have mutual friends, I guess." She elaborated that she knew nothing about the victim and was asked no further questions about the context of the photograph or its

---

[1] In the motion for new trial, Estrada argued that the court erred in not allowing testimony. He also filed a motion in arrest of judgment, which the district court denied, but neither of these issues are on appeal.

caption. Finally, after being asked if she came into the trial with "an opinion one way or the other about whether [Estrada] was guilty or not," the juror answered, "I did not." The juror also confirmed having no preconceived idea about the case before serving on the jury.

A witness who worked with Estrada was also deposed and testified that he knew the juror is "very much a liar" and that "she was a bad influence." He testified he was an acquaintance with the juror and victim three years ago. He believed that the juror and victim were friends but did not know if they remained friends at the time of the deposition. When asked if the juror would attempt to get on the jury to make sure Estrada got convicted the witnessed responded, "The type of person she is, I'd say yes." A second witness testified in his deposition that he had known Estrada for over three years and they were close friends. He claimed to know the juror from school and to also know the victim. The witness did not socialize with either the juror or the victim but testified that they were friends. The witness claimed to see the juror drive past Estrada's home on the day he was arrested.

The district court found the juror's explanation about the photograph to be credible and the other witness testimony regarding the juror and the victim's relationship to be too speculative and denied the motion for a new trial. Estrada appeals.

## II. Error Preservation.

The State argues that Estrada failed to preserve his juror misconduct claim and his constitutional challenge. To preserve issues on appeal they must be raised before and decided by the district court. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). On the juror misconduct claim, the State alleges that the substance of the claim alleged is juror bias. Estrada contends

he argued both juror misconduct and juror bias. The alleged misconduct was the juror failing to answer yes to whether she knew the victim during voir dire. Because Estrada argued both juror bias and juror misconduct and the district court addressed both theories in its ruling, we find error was preserved for our review.

Addressing Estrada's constitutional challenge, we find that error was not preserved. Estrada clutches onto the mention of constitutionality in the district court's order: "a jury consisting of eleven impartial jurors and one actually biased juror is constitutionally infirm without any showing that there was juror misconduct." (citation omitted). But Estrada does not point to, nor do we find, any place in the record where he raised the constitutional issue of the right to an impartial juror before the district court. As noted, to preserve error, an issue must be *both* raised before and decided by the district court. *Lamasters*, 821 N.W.2d at 862. Estrada did not preserve this issue for appeal. We turn to the preserved issues.

### III. Standard of Review.

"A district court should grant a motion for a new trial only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705–06 (Iowa 2016). While we find that Estrada's constitutional challenge was not preserved, he argues that we should use the higher de novo standard of review. We review constitutional issues de novo, *State v. Young*, 863 N.W.2d 249, 252 (Iowa 2015), and we review a district court's "denial of a motion for a new trial based upon juror misconduct or juror bias for an abuse of discretion," *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015). *But see State v. Christensen*, 929 N.W.2d 646, 658 (Iowa 2019) (declining to resolve whether a defendant's claim that they were denied the right to a fair trial by an impartial jury should be reviewed under a de novo or an abuse-of-

discretion standard).  Here, our conclusion is the same under either standard of review.

## IV.  Analysis.

Estrada argues that he is entitled to a new trial because his jury was tainted by juror bias.  Specifically, that the juror lied to the court during voir dire, and that she was friends with the victim.  The court may grant the defendant a new trial when "the defendant has not received a fair and impartial trial."  Iowa R. Crim. P. 2.24(2)(b)(8).[2]  The State notes that juror bias and juror misconduct are distinct issues.  "The concepts of juror misconduct and juror bias are often related but are somewhat different in nature."  *Christensen*, 929 N.W.2d at 661.  "Juror misconduct ordinarily relates to actions of a juror, often contrary to the court's instructions or admonitions, which impair the integrity of the fact-finding process at trial," whereas "[a] biased juror is simply unable to come to a fair decision in a case based upon the facts and law presented at trial."  *Webster*, 865 N.W.2d at 232.

Our review of the record reveals that though the term "juror misconduct" was used, it appears the substance of Estrada's challenge is over the juror's alleged bias, albeit "concealed" jury bias.  *See id*. at 232–37 ("The question of a challenge for juror bias may be considered preserved based on the theory that the substance of the claim, rather than its label, controls. . . . [Additionally,] deliberate lying by a juror in voir dire may strongly suggest the

---

[2] In Estrada's motion for a new trial, he cites Iowa Rule of Criminal Procedure 2.24(2)(b)(9).  After the filing of his motion but before the district court order, a new version of rule went into effect and subparagraph (8) was the correct citation at the time of the district court order.  *See* Iowa R. Crim. P. 2.24(2)(b)(8).

kind of actual bias that may require disqualification of that juror.").  So we address his arguments under that theory.

"Juror bias may be actual or implied.  Actual juror bias occurs when the evidence shows that a juror, in fact, is unable to lay aside prejudices and judge a case fairly on the merits." *Id.* at 236.  "Implied bias arises when the relationship of a prospective juror to a case is so troublesome that the law presumes a juror would not be impartial." *Id.*

"[W]e recognize that in determining fair trial issues, one improperly influenced juror is sufficient to require reversal." *Christensen*, 929 N.W.2d at 679.  But the district court found:

> that [Estrada] has not demonstrated juror bias or misconduct.  I cannot find or conclude that the juror had a close relationship with the victim, that she knew anything more about the circumstances of the offense than were presented in trial, or that she came into the trial with a bias for or against either party.  Having mutual friends is a reasonable explanation for the photo, and the testimony of the witnesses claiming the two were friends was relatively speculative and based on a lot of hearsay and assumptions.

Here, even if the juror knew the victim, that is not enough to prove actual or implied bias.  "The mere fact a juror has knowledge of parties or witnesses does not indicate actual bias or require juror disqualification." *Webster*, 865 N.W.2d at 238–39; *see also State v. Silva*, No. 17-0802, 2018 WL 1858294, at *2 (Iowa Ct. App. Apr. 18, 2018) ("A juror's knowledge of, or non-familial relationship with, a witness, attorney, or party provides a basis for disqualification only if it is shown that it has resulted in the juror having a fixed opinion of the accused's guilt or innocence or a bias for or against the accused." (cleaned up)).

We note that the record is limited as the voir dire examination was not reported, so we cannot know the exact questions the juror was asked or

specifically what the answers were to any questions posed. Post-trial, Estrada attempted to show bias through the depositions and from the photograph of the juror and victim in a group. From this record we cannot conclude that the juror and victim had a close relationship, that the juror knew about the circumstances of the case prior to trial, or that she had any bias against either party. The juror's account that the two shared mutual friends explains how they came to appear in a group photograph together and, as noted by the district court, "the testimony of the witnesses claiming the two were friends was relatively speculative and based on a lot of hearsay and assumptions."

Upon our review of the record, there was no evidence of actual or implicit bias based on the juror's knowledge of the victim. We cannot say that the district court abused its discretion or that we would have determined the case differently under a de novo standard. *See* Iowa R. Crim. P. 2.18(5)(k) (providing that a prospective juror who had "formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted" could be struck for cause). Thus, we affirm the district court's denial of the motion for new trial.

## V. Conclusion.

Estrada failed to preserve his claim that he was denied his constitutional right to an impartial jury. Under either standard of review, we decline to disturb the ruling of the district court in denying the motion for new trial. Thus, we affirm.

**AFFIRMED.**